THE CHILDREN'S SEASHORE HOUSE AT ATLANTIC CITY
FOR INVALID CHILDREN v. ATLANTIC CITY.

Argued June 5, 1900—Decided November 12, 1900.

A corporation of this state authorized by its charter to hold property "not to exceed $30,000" owns and uses "exclusively for charitable purposes certain buildings, with the land whereon the same are erected," valued in excess of that sum, and has been and is exempted from all taxation thereon. It now claims a like exemption for a more recently acquired tract of land devoted to similar purposes. *Held*, that it is not entitled to the exemption claimed, it being in excess of its grant to exemption which is limited to property the value of which does not exceed $30,000.

On *certiorari* in matter of taxation.

Before Justices DIXON, GARRISON and COLLINS.

For the prosecutor, *Thompson & Cole.*

For the defendant, *Godfrey & Godfrey.*

The opinion of the court was delivered by

GARRISON, J. The prosecutor of this writ is a corporation of this state, created by a special charter. *Pamph. L.* 1873, p. 984.

The purpose of this writ is to obtain exemption from taxation for certain buildings and the land whereon the same are erected, upon the ground that they are used exclusively for charitable purposes. *Gen. Stat., p.* 3320.

The facts involved in this statutory exemption claimed most of the attention upon the argument, but there are two other indisputable facts that raise a question of law that must first be dealt with.

These are that this same prosecutor owns other buildings and land in Atlantic City of the value of $200,000, devoted in like manner to the same charitable purposes, upon which

it "has been and is exempted from taxation by the authorities of Atlantic City;" and that by its charter the prosecutor is authorized to hold "real and personal property for the purposes of said house, *but not to exceed thirty thousand dollars."*

Thirty thousand dollars is unquestionably the limit of the property holding capacity which the legislature intended to confer on this corporation, and this circumstance must be deemed to have been in the legislative mind in its relation to all prior pertinent legislation, just as the statute of exemption must be thought of as having its bearing upon the special corporate limitation. The two statutes are to be read together, as if the general exemption now claimed by the prosecutor were actually incorporated in its special grant from the state. Thus paraphrased, the prosecutor's charter would authorize it to hold and use for exclusively charitable purposes $30,000 worth of property and no more, and to be exempt from taxation for the whole of it while so used. In fine, it is an exemption of $30,000 worth of property, or so much thereof as may be used in the manner described in the general statutes concerning exemptions.

As the prosecutor is already enjoying an exemption that exhausts the state's grant as thus construed, its present claim for further exemption is without foundation, and must be denied.

"An act concerning corporations constituted for benevolent and charitable purposes" (*Pamph. L.* 1890, *p.* 46) cannot, in view of its express terms, be so construed as to exempt from taxation any property of the prosecutor that was not exempt before its passage.

Section 1 of this act does, it is true, increase the capacity of the prosecutor to hold property from $30,000 to $500,000. Standing alone, this grant would be consistent with the hypothesis that the legislature intended that all property so held should be exempt from taxation if it fell under the general scheme of exemption. Unfortunately, however, for the prosecutor's contention in this respect, the third section of the act in question prohibits such a construc-

tion. Its language is: "3. That nothing herein contained shall be construed to exempt the property of said corporation from taxation." Assuming that the prosecutor took, under its charter, a right to exempt property to an amount just equal to its capacity to hold property, a favorable construction of this later statute would be that the right of exemption from taxation increased *pari passu* with the enlargement of the capacity to hold property. This, however, would be a construction that exempted the property of the corporation from taxation, which is the result expressly guarded against by the third section.

The assessment is affirmed, but without costs.